# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL B. ROWE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SETERUS, INC.; HSBC MORTGAGE ) <br> CORPORATION; and FEDERAL NATIONAL ) <br> MORTGAGE ASSOCIATION, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 18-12249-FDS |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

This is an action arising out of a mortgage foreclosure. Defendants have moved to dismiss this action for failure to state claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Plaintiff has filed an opposition to the motion to dismiss. For the following reasons, the motion will be allowed and this action will be dismissed with prejudice.

## I.      Background

Plaintiff Carol Rowe is the mother of the late Arthur Rowe. In 2008, Arthur Rowe executed a mortgage for $280,000 on property in Plymouth County, Massachusetts. Arthur was the sole mortgagor of the property. He died in 2011.

Plaintiff contends that one or all of defendants Seterus, Inc., HSBC Mortgage Corporation ("HSBC") and Federal National Mortgage Association ("Fannie Mae") owned a bank-owned life insurance ("BOLI") policy, and upon Arthur's death, the proceeds of the policy should have been applied to the $280,000 mortgage obligation. Plaintiff contends that in spite of

the BOLI policy and its payout, defendants improperly foreclosed upon Arthur's property.

Since 2016, plaintiff has filed three similar actions in this Court before, both on behalf of Arthur's estate and individually, all of which have been dismissed.[1] On September 12, 2018, she brought essentially the same suit in Norfolk County Superior Court, this time in her individual capacity, against Seterus, HSBC, and Fannie Mae claiming unjust enrichment. Defendants timely removed this action to this Court on October 29, 2018. Plaintiff purports to attach the BOLI policy to the complaint at Exhibit B. But that document is not an insurance policy; rather, it appears to be a document describing the use of such policies.

On November 5, 2018, defendants moved to dismiss the complaint, on the ground (among others) that the existence of a BOLI policy has not been plausibly alleged under Rule 8 of the Federal Rules of Civil Procedure. On January 24, 2019, Rowe filed an untimely opposition. In her opposition, she does not dispute the merits of the motion, other than to state as follows:

> . . . plaintiff was not a member of the state bar when she acquired an interest in her son's estate and her membership in . . . [the state bar] . . . is not required in order to make a claim in her son's estate which has been defrauded by the defendant's false and deceptive representations within the probate proceeding. The plaintiff's claim for unjust enrichment is the most appropriate cause of action to obtain justice or a just result and justice cannot be defeated simply because the opposing parties are members of a labor union formed by this court while the plaintiff is not or is not represented by the same labor union.

*Id.*

## II. Discussion

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness*

---

[1] S*ee Rowe v. Seterus, Inc. et al.,* 18-12249-FDS*, Rowe v. Seterus, Inc. et al.,* 17-12537-FDS, and *Rowe v. Seterus, Inc. et al.,* 16-cv-11849-FDS.

*Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999) ). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the facts as alleged do not "possess enough heft to sho[w] that [plaintiff is] entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations in original) (quoting *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) ) (internal quotation marks omitted). The court may consider documents attached to the complaint. *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008). Although uncommon, a plaintiff "may plead [herself] out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.". *Matter of Wade*, 969 F.2d 241, 249 (7th Cir. 1992); *see Barricello v. Wells Fargo Bank, N.A.*, No. CV 13-12795-MLW, 2016 WL 1244993, at *10 (D. Mass. Mar. 22, 2016) ("When a document attached to a complaint contradicts an allegation in the complaint, the document trumps the allegation.").

"Under the Federal Rules of Civil Procedure, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cardigan Mountain Sch. v. New Hampshire Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). At the motion to dismiss stage, the existence of a "lost" insurance policy must be pleaded with allegations that are "specific and factual." *Id.* at 87 (reversing dismissal of action where specific

facts alleged that supported inference of existence of an insurance policy). In *Cardigan Mountain School,* the existence of a specific insurance policy was buttressed by allegations of audit reports for other policy years and allegations of recollections of individuals with knowledge of the policy. *Id.* Even though there was no direct evidence of an insurance policy, the First Circuit concluded, "[t]his case is not one in which a plaintiff has selected an insurance company at random and filed a declaratory judgment action against it in the hopes that the plaintiff might get lucky and find a policy." *Cardigan Mountain Sch. v. New Hampshire Ins. Co.*, 787 F.3d 82, 88–89 (1st Cir. 2015).

By contrast, in this action, plaintiff has provided nothing other than repetitive and conclusory statements of the existence of a BOLI policy. This time, however, she alleges that each defendant "or a nominee held a bank owned life insurance policy with New York Life, or its affiliate within the same industry." Compl. ECF No. 1-1, pp 5-6, 8, and 11. In those same allegations, she purports to attach "a true and correct copy of this policy" to the complaint. *Id.*

As defendants correctly point out, the document attached to the complaint is *not* a BOLI policy concerning Arthur Rowe or anyone else, but rather a document concerning the *possible* use of BOLI policies. Notably, plaintiff's opposition is silent as to defendants' characterization of the document. The allegations concerning the existence of a BOLI policy are thus speculative. When combined with the alleged policy attached to the complaint, the specific factual allegations do not give rise to a reasonable inference that a policy existed at all. Either plaintiff is mistaken as to the nature of the document she attached to the complaint, or is merely speculating that a policy existed based upon a document that discusses the *potential* use of BOLI policies.

In either case, the motion to dismiss will be allowed, and the action dismissed with

prejudice, where the complaint has failed to plausibly allege the existence of a BOLI policy.

Finally, the Court notes that this is the fourth action filed by plaintiff concerning this subject matter, all of which have been dismissed. Plaintiff is hereby cautioned that any future filings on the same subject may result in sanctions, including an injunction against further filings without leave of court.

### III.    Conclusion and Order

For the reasons stated above, defendants' Motion to Dismiss is GRANTED. The action is DISMISSED with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**So Ordered.**

Dated:  January 31, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge